**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER and GOBEIL, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**March 29, 2023**

# In the Court of Appeals of Georgia

A21A0258. DUNCAN et al. v. RAWLS et al.

DILLARD, Presiding Judge.

Olga Rawls and Javier Goizueta—as petitioners and trustees of a family trust created by their late mother Olga Casteleiro de Goizueta—brought an action against fourteen putative beneficiaries ("respondents"), seeking a declaratory judgment that the trust was valid and claiming the respondents forfeited their distributions based on the trust's in-terrorem (or no-contest) provision. Respondents challenged the in-terrorem provision by filing counterclaims seeking a declaratory judgment that the clause was unenforceable to the extent it prevented them from asserting claims of undue influence, tortious interference with the expectation of a bequest, and breach of fiduciary duty. The trial court granted summary judgment in favor of petitioners,

and the respondents appealed. And in *Duncan v. Rawls* (*Duncan I*),[1] we affirmed the trial court's ruling as to the general validity of the in-terrorem provision. In doing so, we held the in-terrorem provision was enforceable as to respondents' undue-influence claim, but reversed the trial court's ruling that the provision was enforceable as to their breach-of-fiduciary-duty claim. As a result, we remanded the case for the trial court to independently consider the provision's applicability to respondents' tortious-interference claim.[2]

Following remand, petitioners again moved for summary judgment, arguing the in-terrorem provision applied to respondents' tortious-interference-with-the-expectation-of-a-bequest claim and that their breach-of-fiduciary-duty claim failed as a matter of law. The trial court granted summary judgment, and respondents appealed. But in *Duncan II*,[3] we affirmed, holding that respondents' claim for tortious interference sought to challenge the validity of the trust, just as their undue-influence

---

[1] 345 Ga. App. 345 (812 SE2d 647) (2018) (en banc).

[2] *See id.* at 348-52 (1) (a), 2 (a) (b).

[3] 359 Ga. App. 715 (859 SE2d 857) (2021).

claim had, and so, the in-terrorem provision similarly applied. We further held that respondents' breach-of-fiduciary-duty claim failed as a matter of law.[4]

One year later, in *Slosberg v. Giller*,[5] the Supreme Court of Georgia reversed a decision by this Court,[6] in which we reversed a jury verdict that a trust instrument was void as a result of the defendants' undue influence.[7] Specifically, we concluded that defendants' motion for judgment notwithstanding the verdict should have been granted because the trust's in-terrorem clause essentially barred plaintiff's undue-influence claim and resulted in the forfeiture of any benefits from the trust.[8] But in disagreeing with our conclusion, the Supreme Court explained in *Slosberg* that

> the valid formation of a trust instrument is a precondition to the effectiveness of any in terrorem clause contained in it. If a beneficiary claims that a trust instrument was procured by undue influence and it is determined that the entire trust instrument was, in fact, procured by undue influence, then the trust instrument and its in terrorem clause are void. But if the undue-influence claim fails—meaning that the formation

---

[4] *See id.* at 722 (1), 725 (2).

[5] 314 Ga. 89 (876 SE2d 228) (2022).

[6] *Giller v. Slosberg*, 359 Ga. App. 867 (858 SE2d 747) (2021).

[7] *See Slosberg*, 314 Ga. at 90.

[8] *See id*.

of the trust instrument was valid—then any statutorily valid in terrorem clause is triggered and the beneficiary forfeits any benefits otherwise conferred upon him by the trust.[9]

Our Supreme Court further explained that we erred in relying on *Duncan I* for support in reversing the jury's verdict, distinguishing that earlier case by noting

> [t]he beneficiaries essentially sought to secure a ruling that, as a matter of law, the in terrorem clause contained in the trust was unenforceable because the clause itself prevented the beneficiaries from bringing an undue-influence claim. They thus sought to indirectly challenge the trust without bearing the concomitant risk of forfeiting all of their benefits if the trust instrument was later determined to be valid.[10]

The *Slosberg* Court also noted that *Duncan I* "answered only a narrow question: whether to judicially create a good-faith or probable-cause exception to the enforcement of an in terrorem clause that would permit a beneficiary to challenge the validity of a trust without risking forfeiture."[11] But ultimately, our Supreme Court held, "that question is not pertinent in this case because Plaintiff, unlike the beneficiaries in *Duncan [I]*, actually asserted and won his undue-influence claim,

---

[9] *Id.* at 100 (2) (c).

[10] *Id.* at 105 (3).

[11] *Id.*

thus rendering the trust instrument and in terrorem clause void under Georgia law; [Plaintiff] therefore need not (and does not) rely on a good-faith or probable-cause exception to prevail."[12]

Nevertheless, despite its fairly substantial analysis of *Duncan I* in a footnote, the Supreme Court noted that some language in the case appeared to conflict with the ultimate holding, and thus, "[t]o the extent *Duncan [I]* incorrectly suggests that an in terrorem clause bars a claim challenging the validity of a trust or will, that language is disapproved."[13] Then, in that same footnote, it added that in *Duncan II*, we affirmed the trial court's ruling that the in-terrorem provision in the trust also applied to the beneficiaries' claim for tortious interference with the expectation of a bequest based on our conclusion "that the tortious-interference claim similarly alleged that the trust was procured by undue influence."[14] But other than noting that the beneficiaries had filed a petition for certiorari that was currently pending, the Supreme Court provided no additional analysis or direction.[15]

---

[12] *Id.*

[13] *Id.* at 105 (3) n.18.

[14] *Id.*

[15] *See id.*

Subsequently, the Supreme Court of Georgia granted respondents' petition for certiorari in *Duncan II*, vacated our judgment, and remanded the case to this Court "for reconsideration in light of its decision in *Slosberg*."[16] As a result, in light of our Supreme Court's reasoning in *Slosberg*, we vacate the trial court's decisions in this case to the extent those decisions suggest that an in-terrorem provision bars any claim challenging the validity of a trust or will. But we reaffirm the trial court's decision that respondents' breach-of-fiduciary-duty claim failed as a matter of law, as *Slosberg* in no way addresses that ruling. Accordingly, we remand the case for further proceedings consistent with the decision of the Supreme Court of Georgia in *Slosberg*.

*Judgment affirmed in part, vacated in part, and case remanded. Mercier and Gobeil, JJ., concur.*

---

[16] *See Duncan v. Rawls*, Case No. S21C1202 (Ga. Sept. 2, 2022).